1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| DEREK D. HARRELL,<br><br>                                    Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>                                    Respondent. | Case No.:  3:21-cv-00255-JLS-AHG<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE ANSWER TO PETITION**<br><br>**[ECF No. 8]** |

17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is Warden Marcus Pollard's ("Respondent") motion for an extension of time to file the answer to the Petition for Writ of Habeas Corpus. ECF No. 8. Respondent's answer is currently due on August 16, 2021. ECF No. 6. Respondent's counsel has represented to the Court via declaration that he was assigned to the case on July 6, 2021, and, since that time, has completed three motions to dismiss, three answers, and three other briefs in other cases. ECF No. 8 at 3 (declaration, Aug. 9, 2021); *see also* ECF No. 6 at ¶ 8 (requiring declaration explaining why an extension is necessary, at least seven days before the deadline). Thus, Respondent requests a 30-day extension to complete his draft of the answer in this case and secure supervisorial review before filing. ECF No. 8 at 3. Good cause appearing, the Court **GRANTS** the motion and, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **ORDERS** the following:

1.     If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases **no later than September 15, 2021**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is not required for the motion to dismiss.

2.     If Respondent files a motion to dismiss, Petitioner Derek D. Harrell ("Petitioner") must file his opposition, if any, to the motion **no later than October 15, 2021**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

3.     Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4.     If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases **no later than September 15, 2021**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office."  Respondent must

1  not combine separate pleadings, orders or other items into a combined lodgment entry.

2  Each item must be numbered separately and sequentially.

3       5.     Petitioner may file a traverse to matters raised in the answer **no later than**

4  **October 15, 2021**.  Any traverse by Petitioner (a) must state whether Petitioner admits or

5  denies each allegation of fact contained in the answer; (b) must be limited to facts or

6  arguments responsive to matters raised in the answer; and (c) must not raise new grounds

7  for relief that were not asserted in the Petition.  Grounds for relief withheld until the

8  traverse will not be considered.  No traverse can exceed ten (10) pages in length absent

9  advance leave of Court for good cause shown.

10       6.     A request by a party for an extension of time within which to file any of the

11  pleadings required by this Order must be made at least seven (7) days in advance of the

12  due date of the pleading, and the Court will grant such a request only upon a showing of

13  good cause.  Any such request must be accompanied by a declaration under penalty of

14  perjury explaining why an extension of time is necessary.

15       7.     Unless otherwise ordered by the Court, this case will be deemed submitted on

16  the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse

17  is due.

18       8.     Every document delivered to the Court must include a certificate of service

19  attesting that a copy of such document was served on opposing counsel (or on the opposing

20  party, if such party is not represented by counsel).  Any document delivered to the Court

21  without a certificate of service will be returned to the submitting party and will be

22  disregarded by the Court.

23       9.     Petitioner must immediately notify the Court and counsel for Respondent of

24  any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where

25  Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

26       **IT IS SO ORDERED.**

27  Dated:  August 9, 2021          _____

Honorable Allison H. Goddard
United States Magistrate Judge

28