# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK D. HARRELL,<br><br>                                    Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                                    Respondent. | Case No.: 3:21-cv-00255-JO-AHG<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 20]** |

Before the Court is Petitioner Derek Harrell's ("Petitioner") Motion for Appointment of Counsel. ECF No. 20. For the reasons set forth below, the Court **DENIES** Petitioner's motion.

## I.    BACKGROUND

Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 9, 2021. ECF No. 1. Respondent timely filed her Answer to the Petition on August 26, 2021 (ECF No. 10) and Petitioner filed his Traverse on November 5, 2021 (ECF No. 17). This matter is now deemed submitted. *See* ECF No. 15 at ¶ 3 ("Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's traverse is due").

On September 23, 2021, the Court *sua sponte* substituted Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation, as Respondent

in place of Warden Marcus Pollard. ECF No. 13. On January 4, 2022, this case was transferred from the calendar of District Judge Janis L. Sammartino to the calendar of the District Judge Jinsook Ohta. ECF No. 19.

Plaintiff filed the instant motion for appointment of counsel on January 21, 2022. ECF No. 20. This Order follows.

## II.  LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a petitioner satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the

plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## III.   DISCUSSION

Here, Petitioner has not made any arguments regarding the threshold requirements that he is indigent and has made a reasonably diligent effort to secure counsel, nor has he made any arguments regarding his likelihood of success on the merits and his ability to articulate his claims *pro se*. Therefore the instant motion should be denied. *See Vera v. Gipson*, No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014) ("Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile"); *Verble*, 2008 WL 2156327, at *2 (examining whether plaintiff demonstrated exceptional circumstances, while acknowledging that "[Petitioner]'s request for appointment of counsel should be denied because he has failed to show that he made a reasonably diligent effort to secure counsel."); *see also Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test"); *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–*8 (S.D. Cal. Apr. 17, 2017) (finding that, though plaintiff argued "he is a layman with no legal experience and training and who is confused by complex legal reasoning and about his responsibilities in the case, . . . these burdens are common to most prisoners representing themselves pro se and do not establish the exceptional circumstances that would support the appointment of counsel").

Instead, Petitioner contends that he "received the Court's order to transfer my case from the calendar of the Honorable Janis L. Sammartino to the calendar of the Honorable Jinsook Ohta. At this stage of the proceedings I need help to understand the ramifications of why the attorney general was terminated and my case is being transferred." ECF No. 20 at 1. The Court will address both of Petitioner's concerns in turn.

First, as to the transfer of his case from the calendar of Judge Sammartino to the calendar of Judge Ohta (ECF No. 19), there are no ramifications to Petitioner. Petitioner's case will proceed in the usual course, with the exception that a different district judge will issue the opinion. The United States Senate confirmed Judge Ohta as a District Judge on December 17, 2021. As such, each district judge in this district transferred approximately fifteen cases to her from their docket. For example, fifteen cases were transferred from Judge Sammartino to Judge Ohta on January 4 (*see* ECF No. 19), sixteen cases were transferred from Judge Bashant to Judge Ohta on January 5, and so on. Again, the Court notes that no changes have happened to the instant case, and the matter has been taken under submission. ECF No. 15 at ¶ 3.

Second, as to Petitioner's concern for his case because "the attorney general[1] was terminated," there are no ramifications to Petitioner. At the time of filing his Petition, Petitioner was housed at Richard J. Donovan State Prison ("RJD") and thus named RJD's Warden, Marcus Pollard, as Respondent. ECF No. 1. Based on the notices of change of address Petitioner submitted to the Court on September 21, 2021 (ECF No. 12) and October 25, 2021 (ECF No. 16), it appears Petitioner is no longer housed at RJD; he was relocated to Folsom State Prison in Represa, California, and, after another relocation, is presently incarcerated at the California Institute for Men in Chino, California. Therefore, the Court *sua sponte* substituted Kathleen Allison, Secretary of the California Department

---

[1] The Court liberally construes Petitioner's concern to involve the substitution of Kathleen Allison for Marcus Pollard, as both are represented by the Office of the Attorney General. The Court notes, however, that the civil docket sheet indeed lists that "Attorney General … terminated: 07/06/2021[,] lead attorney[,] attorney to be noticed[.]" Civil Docket (capitalization omitted). The Court explains that the generic "Attorney General" listing was "terminated" when Christopher Beesley, Deputy Attorney General, filed a notice of appearance in the case. ECF No. 7. Therefore, a Deputy Attorney General is handling this case and Mr. Beesley's information was inserted on the docket instead of the generic "Attorney General" placeholder. *Id*. As such, this administrative change has no consequences for Petitioner.

of Corrections and Rehabilitation, as Respondent in place of Warden Marcus Pollard, to avoid changing Respondent's name after each relocation. *See* ECF No. 13 at 1–2 ("A writ of habeas corpus acts upon the custodian of the state prisoner. [] Because Petitioner's place of custody has changed, so has his custodian. Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent again if Petitioner is transferred to another prison or paroled, the Court hereby *sua sponte* orders the substitution of Kathleen Allison [], as Respondent in place of 'Marcus Pollard.'") (internal citations omitted). Therefore, this substitution does impact the instant Petition, which has been taken under submission.

As discussed above, neither of Petitioner's concerns warrant appointment of counsel at this time.

## IV.   ADDITIONAL CONSIDERATIONS

In the instant case, Petitioner has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions. Here, Petitioner has ably represented himself thus far by filing his Petition, Notices of Change of Address, Motion for Extension, Traverse, and the instant motion. *See* ECF Nos. 1, 3, 12, 14, 16, 17, 20. Petitioner has shown a good grasp of litigation procedure thus far, and such circumstances do not indicate to the Court that appointment of counsel is necessary at this time.

The Court does not doubt that Petitioner, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Courts construe *pro se* pleadings liberally and afford the *pro se* litigant any benefit of the doubt. *Cf. Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Petitioner is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion for Appointment of Counsel (ECF No. 20) **without prejudice**.[2]

**IT IS SO ORDERED.**

Dated: January 31, 2022

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Because Petitioner's motion is denied without prejudice to refiling, Petitioner is free to seek appointment of counsel again in the future.